IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00106-WDM-MEH

JOHN THOMAS McNALLY,

    Plaintiff,

v.

EL PASO COUNTY SHERIFF'S OFFICE,
SHERIFF TERRY MAKETA,
DEPUTY HUNTS,
DEPUTY COX,
CORRECTIONAL HEALTH CARE DEPARTMENT,
JUDY FENDER, Healthcare Administrator,
BOARD OF COUNTY COMMISSIONERS, El Paso County, and
NURSE M. MONTOYA,

    Defendants.

## RECOMMENDATION ON COUNTY DEFENDANTS' MOTION TO DISMISS

Pending before the Court is a Motion to Dismiss filed by Defendants El Paso County Sheriff's Office, Sheriff Terry Maketa, Deputy Hunts, Deputy Cox, and the El Paso County Board of Commissioners (collectively referred to as "County Defendants") [filed August 16, 2007; doc #45], in response to the Plaintiff's Amended Complaint [doc #7].[1]  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L.Civ.R 72.1(C), the Motion has been referred to this Court for recommendation. The Court recommends that, for the reasons stated herein, the Motion to Dismiss be **granted**.[2]

---

[1] Defendant Correctional Healthcare Management has filed a separate Motion to Dismiss [doc #49], which remains pending at this time. Plaintiff's claims against Defendants Judy Fender and Nurse M. Montoya also remain pending.

[2] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo

## BACKGROUND

On February 15, 2007, Plaintiff filed an Amended Prisoner Complaint alleging that, on September 10, 2006, he "slipped and fell in a puddle of water that leaked from the ceiling" at the El Paso County Criminal Justice Center in Ward 2C2. [Complaint at 5.] At the time of the incident, Plaintiff was a pretrial detainee. [*Id.* at 11.] Plaintiff alleges that he suffered "extreme pain" in his back at the time of the incident, and that no "x-rays" were taken after the fall. [*Id.* at 6, 10.] Plaintiff claims that Deputies Cox and Hunts were assigned to the Ward at the time of the incident, and thus were aware of the leak; that Sheriff Maketa is directly responsible for the safety and maintenance of the facility; and that the El Paso County Sheriff's Office and Board of County Commissioners are responsible for implementing policies and procedures that ensure a safe and secure environment at the facility. [*Id.* at 5.] Plaintiff asserts that the County Defendants' deliberate indifference in allowing the "dangerous condition" to exist violates the Eighth Amendment's protection against cruel and unusual punishment. [*Id.*] Plaintiff demands "monetary damages caused by the dangerous condition which caused [his] injury." [*Id.* at 14.]

The County Defendants respond claiming that Plaintiff has failed to "make the essential showing that they acted with deliberate indifference in any alleged violations of his constitutional rights." [Motion at ¶ 2.] In addition, they argue that the Board of County Commissioners has no authority to establish policies and procedures for the Criminal Justice Center, at which the incident occurred. [*Id.* at ¶ 7.] Further, the County Defendants assert that neither the Commissioners nor the

---

determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Sheriff's Office (including Sheriff Maketa in his official capacity) may be held liable for the acts of their employees pursuant to the doctrine of vicarious liability. [*Id.* at 9.] Defendants also contend that Plaintiff fails to show how Sheriff Maketa authorized, supervised, or participated in the conduct that caused the constitutional deprivation. [*Id.* at ¶ 11.] Finally, Defendants claim that any pendent state law claims that may exist should be dismissed for Plaintiff's failure to comply with the notice requirements of the Colorado Governmental Immunity Act, Colo. Rev. Stat. § 24-10-109(3). [*Id.* at ¶¶ 14-16.]

In response, Plaintiff asserts that the "Defendant [sic]. . . knew or should have known that injury would result," and that "Defendant [sic] showed wanton and reckless disregard of [his] rights and performed with awareness of the risk of harm to another, in disregard of the consequences." [Response at ¶¶ 1-2.] In support of his assertions, Plaintiff cites to three Colorado cases, all involving claims of negligence. *See Clark v. Small*, 250 P. 385 (Colo. 1926); *Messler v. Phillips*, 867 P.2d 128 (Colo. App. 1993), *disapproved of by Resolution Trust Corp. v. Heiserman*, 898 P.2d 1049 (Colo. 1995); *Swieckowski by Swieckowski v. City of Fort Collins,* 934 P.2d 1380 (Colo. 1997). [Response at ¶¶ 1, 2 & 4.] In addition, Plaintiff cites the Supreme Court dissent in *Rizzo v. Goode*, 423 U.S. 362 (1976) for the proposition that "[e]ven though an official is not directly involved in alleged unconstitutional acts, the official may be held liable for failure to supervise and control his subordinates upon a showing that the official either encouraged the specific incident of misconduct or in some other way participated in it." [*Id.* at ¶ 5.] Plaintiff concludes that "Defendants violated my 8th and 14th Amendment [rights]." [*Id.* at ¶ 9.]

## DISCUSSION

The County Defendants' Motion to Dismiss is filed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction over any state law tort claims, and to Fed. R. Civ. P. 12(b)(6) for failure to state a constitutional claim.

**I.      Standard of Review**

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all of the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197 (2007); *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1968-69 (2007). Courts should look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief-- that is -- a complaint must include "enough facts to state a claim for relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). The complaint must sufficiently allege facts supporting all of the elements necessary to establish an entitlement to relief under the legal theory proposed. *Lane v. Simon*, 2007 WL 2136579, *3 (10th Cir. July 26, 2007). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1) (2007). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. Immigration & Naturalization Serv.,* 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler,* 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.,* 495 F.2d 906,

909 (10th Cir. 1974). Accordingly, Plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear his claims.

The allegations in Plaintiff's complaint "must be taken as true to the extent they are uncontroverted by [Defendants'] affidavits." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir.1995). In addition, only well-pled facts, as opposed to mere conclusory allegations, must be accepted as true. *Id.* Because Plaintiff is proceeding *pro se,* I must construe his complaint liberally, holding it to less stringent standards than a formal pleading drafted by an attorney. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972).

**II.     Analysis**

Plaintiff was a pretrial detainee at the time of the incident. Amended Complaint at 11. In his Complaint, Plaintiff alleges only violations of the Eighth Amendment's proscription against cruel and unusual punishment. *Id.* at 5. Construing his *pro se* pleadings liberally, *Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam), I consider Plaintiff's claims to be raised pursuant to the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *See Berry v. City of Muskogee*, 900 F.2d 1489, 1493 (10th Cir. 1990) (pretrial detainees are protected under the Fourteenth Amendment's Due Process Clause rather than under the Eighth Amendment's proscription against cruel and unusual punishment). Under the due process clause, detainees are entitled to the same degree of protection regarding prison conditions as that afforded convicted inmates under the Eighth Amendment. *Barrie v. Grand County, Utah,* 119 F.3d 862, 867 (10th Cir. 1997). The same analysis applies to both types of claims. *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). However, liability under the Constitution may not be based on negligence or even gross negligence. *Barrie*, 119 F.3d at 869.

Plaintiff brings claims against both the County and individual officers of the County; however, Plaintiff fails to identify whether he is suing the Defendant officers in their individual or official

capacities. Therefore, I will consider Plaintiff's claims against each Defendant in both official and individual capacities.

### A.     Board of County Commissioners and El Paso County Sheriff's Office

Plaintiff alleges that Defendants El Paso County Sheriff's Office and the Board of County Commissioners[3] "failed to ensure a safe and secure environment by implementing policies or procedures that would effectively ensure the proper operation and maintenance" of the facility. Complaint at 5. Defendants respond that the Board of County Commissioners has no authority to establish policies and procedures for the El Paso County Criminal Justice Center (also referred to as "El Paso County jail"), but that the Sheriff has the "charge and custody of the jails of his county, and of the prisoners in the same" pursuant to Colo. Rev. Stat. § 30-10-501. *See* Motion at ¶ 7.

Plaintiff names these Defendants based on the acts or omissions of county employees with respect to the leak. However, Section 1983 does not provide for liability under the theory of *respondeat superior. See Worrell v. Henry,* 219 F.3d 1197, 1214 (10th Cir. 2000). Instead, to establish supervisory liability, Plaintiff must demonstrate that "an affirmative link exists between the [constitutional] deprivation and either the supervisor's personal participation, [ ] exercise of control or direction, or [ ] failure to supervise." *Meade v. Grubbs,* 841 F.2d 1512, 1527 (10th Cir. 1988). In addition, a supervisor or municipality may be held liable where there is essentially a complete failure to train, or training that is so reckless or grossly negligent that future misconduct is almost inevitable. *Id.* at 1528. Here, Plaintiff has alleged no facts to establish individual involvement by the County Commissioners or Sheriff's Office in the incident, much less link any such involvement to his alleged deprivation. Moreover, there are no specific allegations of any failure to train on the part of

---

[3]*See Bristol v. Bd. of County Comm'rs of Clear Creek,* 312 F.3d 1213, 1215 (10th Cir. 2002) (under the Colorado constitution, the County Sheriff is a distinct position, separate from the Board of County Commissioners).

the Board or the Sheriff.

With respect to the municipalities themselves, the Board of County of Commissioners and the Sheriff's Office may be sued for monetary, declaratory, or injunctive relief for deprivations of constitutional or civil rights under Section 1983. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 (1978). However, municipal liability is limited to deprivations of federally protected rights caused by actions taken pursuant to official municipal policy or custom, and "attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action taken." *Pembauer v. City of Cincinnati,* 475 U.S. 469, 481 (1986); *Monell,* 436 U.S. at 691; *Bd. of County Comm'rs v. Brown,* 520 U.S. 397, 403 (1997). The parties do not dispute that the Sheriff of El Paso County is responsible for the operation of the El Paso County jail. *See* Colo. Rev. Stat. § 30-10-501. It follows logically that the El Paso County Sheriff is El Paso County's policymaker as to the operation of the El Paso County jail. *See Bafia v. Bd. of County Comm'rs*, 2006 WL 686563, *10 (D. Colo. Mar.17, 2006).

"[P]roof that a municipality's ... authorized decisionmaker has intentionally deprived a plaintiff of a federally protected right necessarily establishes that the municipality acted culpably." *Brown,* 520 U.S. at 405. More specifically, case law suggests that counties can be held liable under Section 1983 for the improper actions or omissions of sheriffs and their employees when the sheriff is the policymaker for the county. *Bristol v. Bd. of County Comm'rs,* 312 F.3d 1213, 1221 (10th Cir. 2002); *see also Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1319 (10th Cir. 1998) (citing *Pembauer,* 475 U.S. at 483) (noting county is liable for the constitutional harm arising from Sheriff's actions where those actions and directives represented county policy). Finally, Colorado law requires that a county must be named as "[t]he board of county commissioners of the county" in all proceedings brought against it. *See* Colo. Rev. Stat. § 30-11-105. Consequently, Defendant Board of County Commissioners is potentially liable for the El Paso County Sheriff's Office's policies and

policy-related actions in running the El Paso County jail. Therefore, the Court turns to Plaintiff's allegations regarding these policies.

In order to hold a municipality liable for an employee's constitutional violations, Plaintiff must show both that a constitutional violation occurred and that a municipal policy or custom was the "moving force" or cause behind the violation. *Myers,* 151 F.3d at 1320. An unconstitutional deprivation is caused by a municipal "policy" if it results from decisions of an official whose acts may fairly be said to be those of the municipality itself. *Marshall v. Columbia Lea Reg'l Hosp.,* 345 F.3d 1157, 1177 (10th Cir. 2003) (citing *Brown,* 520 U.S. at 403-04). Courts have interpreted "custom" to mean an act that, although not formally approved by an appropriate decisionmaker, has such widespread practice as to have the force of law. *Id.*

Plaintiff's conclusory allegation that the Board and the Sheriff's Office have "failed to ensure a safe and secure environment by implementing policies or procedures that would effectively ensure the proper operation and maintenance" of the facility is not sufficient to identify a constitutional violation. *See Wise v. Bravo,* 666 F.2d 1328, 1333 (10th Cir.1981) ("Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice"). Plaintiff has utterly failed to link any official policy or practice with the alleged violations here. Based on the foregoing, I recommend that Plaintiff's claims against Defendants Board of County Commissioners and El Paso County Sheriff's Office be dismissed.

B.      Sheriff Maketa

Plaintiff alleges that Defendant Sheriff Maketa is "directly responsible for the safety and maintenance of this facility and was deliberately indifferent to the dangerous condition." Complaint at 4. Defendants argue that Plaintiff cannot maintain his claim because he cannot establish that Sheriff Maketa acted with deliberate indifference. Motion at ¶ 2.

Prison officials are required to "provide humane conditions of confinement," which includes

taking "reasonable measures to guarantee the safety of inmates." *Giron v. Corrs. Corp. of America,* 191 F.3d 1281, 1285 (10th Cir. 1999) (quoting *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)); *see also Barney v. Pulsipher,* 143 F.3d 1299, 1310 (10th Cir. 1998).  Thus, in a claim that officials failed to prevent harm, an inmate must show, first, "he is incarcerated under conditions posing a substantial risk of serious harm," and, second, that officials had a "sufficiently culpable state of mind." *Farmer,* 511 U.S. at 834 (quoting *Wilson v. Seiter,* 501 U.S. 294, 297, (1991)).  Thus, the deliberate indifference standard in a prison-conditions case is a "subjective" and not an "objective" requirement. *Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir. 2005).  That is, a prison official is liable "only if the official knows of and disregards an excessive risk to inmate health and safety.  *Id.*  It is not enough to establish that the official *should have known* of the risk of harm." *Pulsipher,* 143 F.3d at 1310 (quoting *Farmer,* 511 U.S. at 837) (emphasis added).

  Here, Plaintiff's claim must fail, because his only evidence to satisfy the subjective requirement of Sheriff Maketa's awareness and disregard of a risk to Plaintiff's health and safety is his wholly conclusory assertion that Sheriff Maketa was "conscious of his conduct and the existing condition, and knew or should have known that injury would result."  Response at ¶ 1.  Again, conclusory allegations are not sufficient to raise a claim of a constitutional violation. *Wise,* 666 F.2d at 1333. And, as stated above, whether the Sheriff "knew or should have known" of the risk of injury is not enough.  *See Pulsipher, supra*.

  Moreover, the claim should be dismissed where there is a lack of personal participation in, or knowledge of, a risk of serious harm.  *Worrell,* 219 F.3d at 1214; *see also Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("[p]ersonal participation is an essential allegation in a [Section] 1983 claim").  Plaintiff has failed to allege sufficient facts as to whether Sheriff Maketa personally participated in, or was even aware of, the leak in the ceiling at the facility.  Accordingly, the claim against Sheriff Maketa in his individual capacity should be dismissed.

As for a claim against the Sheriff in his official capacity, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Moore v. City of Wynnewood,* 57 F.3d 924, 929 (10th Cir. 1995); *see also Monell,* 436 U.S. at 690 n. 55 ("[o]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"); *Lopez,* 172 F.3d at 762 (holding claim against sheriff in his official capacity was "simply another way of suing [the] [c]ounty itself"). Thus, claims against Sheriff Maketa in his official capacity are actually claims against the El Paso County Sheriff's Office.[4] As noted in Section I, *supra*, Plaintiff's conclusory allegations are not sufficient to identify any constitutional violations against the El Paso County Sheriff's Office. *See Wise,* 666 F.2d at 1333.

Plaintiff does allege, however, that Sheriff Maketa "failed to conduct a survey of the jail[5] and failed to supervise and train subordinates and control maintenance for repairs needed." Response at ¶ 11. To establish a claim for failure to train or supervise, Plaintiff must show that a responsible municipal policymaker knew of either the offending occurrence, or of a pattern of similar constitutional deprivations, and "failed to take adequate measures to ensure the particular right in question, or otherwise to communicate a message of approval to the offending subordinates." *Garcia v. County of Bucks,* 155 F. Supp.2d 259, 268 (D. Pa. 2001); *see also Meade,* 841 F.2d at 1528; *Anthony v. Baker,* 767 F.2d 657, 666 (10th Cir. 1985). Additionally, "[a]ny failure to train or supervise adequately, of course, must also cause the violation about which the plaintiff complains." *Garcia,* 155 F. Supp.2d at 268 (citing *Simmons v. City of Philadelphia,* 947 F.2d 1042, 1059-60 (3d Cir. 1991)). Plaintiff alleges that his injury and the deprivation of his rights resulted from the actions or inactions of Deputy Cox and Deputy Hunts. Complaint at 5. Plaintiff makes no allegations about

---

[4]The same is true for Deputy Cox and Deputy Hunts in their official capacities.

[5]Again, Plaintiff's allegation is conclusory and fails to identify whether the Sheriff himself is even responsible for a "survey," or whether such "survey" is required.

the actions of other El Paso County jail staff members; therefore, I will limit my analysis to Sheriff Maketa's training and supervision of Deputies Cox and Hunts.

Plaintiff contends that Sheriff Maketa failed to train and supervise Deputies Cox and Hunts "and control maintenance for repairs needed." Response at ¶ 11. He alleges that Deputies Cox and Hunts were "aware of the leak in the roof," and "put a trashcan [sic] to catch the water leaking from the ceiling." Complaint at 5. Plaintiff's argument is unavailing. Again, he has presented only conclusory allegations to establish that Sheriff Maketa was even aware of the leak in the ceiling. Further, Plaintiff has made no factual allegations whatsoever to establish that Sheriff Maketa had a custom or pattern of ignoring the health or safety of the inmates at the El Paso County jail. Consequently, it must follow that Plaintiff has failed to allege sufficient facts as to Sheriff Maketa's awareness of the purported offending occurrence or of a pattern of similar deprivations. Accordingly, I recommend that Plaintiff's claims against Sheriff Maketa, in either an individual or official capacity, be dismissed.

### C. Deputies Cox and Hunts

Plaintiff claims that Deputies Cox and Hunts are liable for his injuries because, not only were they aware of the water on the floor in that they "put a trashcan [sic] to catch the water leaking from the ceiling," but also "they failed to see that the leak was fixed." Complaint at 5. Defendants respond that these allegations imply only negligence claims, and that such claims do not rise to the level of a constitutional violation. Motion at ¶ 8.

Defendants are correct that liability cannot be based on negligence or even gross negligence. *Daniels v. Williams,* 474 U.S. 327, 336 (1986) (negligent conduct by a state official, even though causing injury, fails to state a claim for violation of the Due Process Clause under § 1983); *see also Barrie*, 119 F.3d at 869. Rather, a plaintiff must show that jailers exhibited deliberate indifference to a known and serious risk of harm to the inmate. *Id.* at 867. In other words, the jailer is liable only

if he or she "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837; *see also Wilson,* 501 U.S. at 302 ("our cases say that the offending conduct must be *wanton*") (emphasis in original); *Bell v. Wolfish,* 441 U.S. at 537-38 (holding that pre-trial detainees must show that prison conditions are the product of punitive intent on the part of state actors in order to state a due process claim).

The question here, then, is whether Plaintiff has alleged sufficient facts to demonstrate that Deputies Cox and Hunts were aware of a substantial risk that serious harm could result from the water on the floor, and that they consciously disregarded such risk. In cases similar to this, a few courts have found that allegations involving slippery floors which cause injuries to inmates, taken to be true, are sufficient to state claims under the Eighth Amendment. *See, e.g., Paulino v. Costello*, 2007 WL 963301, *6 (N.D. N.Y. Mar. 30, 2007) (plaintiff could establish set of facts sufficient to establish Eighth Amendment violation based on prison officials' awareness of, but failure to rectify, unsafe slippery floor in shower area); *Gomez v. Warden of the Otisville Corr. Fac.,* 2000 WL 1480478, at *5 (S.D. N.Y. Sept. 29, 2000) (allegations of slippery, waxed floor causing injury to the plaintiff "arguably posed a substantial risk of harm sufficient to satisfy the objective component [of the Eighth Amendment test]").

Unfortunately, I have found no cases involving a prisoner seeking redress for a slip and fall pursuant to Section 1983 here in the Tenth Circuit. Nevertheless, I must agree with the majority of courts addressing claims brought by inmates who are injured after slipping on wet floors: such claims, if they assert only negligence on the part of prison officials, do not rise to the level of a constitutional violation. *See Walker v. Reed,* 104 F.3d 156, 157-58 (8th Cir. 1997) (inmate's allegation that he "slipped and fell" because of water on the floor of his barracks bathroom, injuring his arm and shoulder, "alleges only a claim for negligence," and did not state a constitutional claim); *see also*

-12-

*Graham v. Poole*, 476 F. Supp.2d 257, 259 (W.D. N.Y. 2007) (where defendants were aware of the dangerous condition of the shower floor, and failed to rectify it, that amounts to nothing more than negligence, and is not enough to establish an Eighth Amendment claim); *Marsh v. Jones,* 53 F.3d 707, 711-12 (5th Cir. 1995) (inmate's claim for money damages resulting from defendants' failure to warn that a leaking or sweating air conditioning unit made the floor wet was "a garden-variety negligence claim that was not actionable under § 1983"); *Lefall v. Johnson,* 48 Fed. Appx. 104 (5th Cir. 2002) (prisoner's claim that he suffered a back injury after slipping and falling on a wet floor caused by persistent plumbing leaks *of which defendants were aware* was, at most, a claim of negligence which is not actionable under § 1983); *LeMaire v. Maass,* 12 F.3d 1444, 1457 (9th Cir.1993) (shackling a dangerous inmate in shower, even if he might fall, does not violate the Eighth Amendment); *Robinson v. Cuyler,* 511 F. Supp. 161, 163 (E.D. Pa. 1981) (slippery kitchen floor does not inflict cruel and unusual punishment); *Snyder v. Blankenship,* 473 F. Supp. 1208, 1212 (W.D. Va. 1979) (leaking dishwasher which caused prisoner to slip and fall did not violate Eighth Amendment).

Here, Plaintiff's allegations that Deputies Cox and Hunts were aware of, and failed to remove, the water on the floor that caused Plaintiff to slip and fall sound only in negligence and do not support a Section 1983 claim for violation of the Due Process Clause of the Fourteenth Amendment. Thus, Plaintiff's constitutional claims against Deputies Cox and Hunts should be dismissed for failure to state a claim.

    D.    <u>State Law Claims</u>

When a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion whether to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims. *Arbaugh v. Y & H Corp.* 546 U.S. 500, 515 (2006).

In any claim for injury resulting from the actions or inactions of government officials in Colorado, the Colorado Governmental Immunity Act ("CGIA") provides that notice of the claim

-13-

must be given within "one hundred eighty days after the date of the discovery of the injury," and such notice "shall be filed with the governing body of the public entity or the attorney representing the public entity." *See* Colo. Rev. Stat. § 24-10-109 (2007). The CGIA's 180-day notice provision is a jurisdictional prerequisite to suit that requires strict compliance with its terms. *Finnie v. Jefferson County Sch. Dist. R-1*, 79 P.3d 1253, 1256 (Colo. 2003).[6] Failure to abide by a jurisdictional prerequisite may result in a bar to recovery. *Id.*; *see also Journey v. Zavaras*, 73 F.3d 373 (10th Cir. 1995) (unpublished) (affirming dismissal of Section 1983 claims stating, "to the extent [the plaintiff prisoner] sought relief under the Colorado Governmental Immunity Act, he failed to comply with the statute's notice of claim requirement").

Here, Plaintiff discovered his injury on the date it occurred, September 10, 2006. Complaint at 10. The deadline for filing notice under the CGIA would have been on or about March 8, 2007. Defendant Board of County Commissioners (as governing body of El Paso County) and its representative, the El Paso County Attorney, allege that "no notice of claim for this complained of event was received." Motion at ¶ 15. Plaintiff wholly failed to respond to Defendants' allegation, and has produced nothing to show that he filed a notice under the CGIA. Therefore, Plaintiff's state law tort claims, if any are to be construed from his Complaint, must be barred for failure to comply with the CGIA. Colo. Rev. Stat. § 24-10-109(1). If the District Court were to decide to exercise pendent jurisdiction in this case, I recommend that any state law tort claims asserted by Plaintiff be dismissed.

## CONCLUSION

---

[6]Defendants cite *Brock v. Nyland*, 955 P.2d 1037 (Colo. 1998) to support their arguments with respect to the CGIA; however, *Brock* was overruled by the *Finnie* decision to the extent that claimants must show substantial compliance, rather than strict compliance, with the terms of Colo. Rev. Stat. § 24-10-109(3).

Accordingly, and based on the foregoing, it is hereby **recommended** that the County Defendants' Motion to Dismiss [filed August 16, 2007; doc #45] be **granted**, resulting in the dismissal, with prejudice, of this action against Defendants Board of County Commissioners, El Paso County Sheriff's Office, Sheriff Maketa, Deputy Cox, and Deputy Hunts.[7]

Dated at Denver, Colorado, this 12th day of October, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[7] As stated above, the claims against Defendants Correctional Health Department, Judy Fender and Nurse M. Montoya remain pending.