IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00106-WDM-MEH

JOHN THOMAS McNALLY,

      Plaintiff,

v.

EL PASO COUNTY SHERIFF'S OFFICE,
SHERIFF TERRY MAKETA,
DEPUTY HUNTS,
DEPUTY COX,
CORRECTIONAL HEALTH CARE DEPARTMENT,
JUDY FENDER, Healthcare Administrator,
BOARD OF COUNTY COMMISSIONERS, El Paso County, and
NURSE M. MONTOYA,

      Defendants.

## RECOMMENDATION ON DEFENDANT CORRECTIONAL HEALTHCARE MANAGEMENT, INC.'S MOTION TO DISMISS

Pending before the Court is a Motion to Dismiss filed by Defendant Correctional Healthcare Management, Inc. (incorrectly identified by Plaintiff as "Correctional Health Care Department") [filed August 16, 2007; doc #49], in response to the Plaintiff's Amended Complaint [doc #7].[1] Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L.Civ.R 72.1(C), the Motion has been referred to this Court for recommendation. The Court recommends that, for the reasons stated herein, the Motion to Dismiss be **granted**.[2]

---

[1] Defendants El Paso County Sheriff's Office, Sheriff Terry Maketa, Deputy Hunts, Deputy Cox, and Board of County Commissioners have filed a separate Motion to Dismiss [doc #45], which remains pending at this time. Plaintiff's claims against Defendants Judy Fender and Nurse M. Montoya also remain pending.

[2] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider

## BACKGROUND

On February 15, 2007, Plaintiff filed an Amended Prisoner Complaint alleging that, on September 10, 2006, he "slipped and fell in a puddle of water that leaked from the ceiling" at the Criminal Justice Center in Ward 2C2. [Complaint at 5.] At the time of the incident, Plaintiff was a pretrial detainee. [*Id.* at 11.] Plaintiff alleges that he suffered "extreme pain" in his back at the time of the incident, and that no "x-rays" were taken within two months after the fall. [*Id.* at 6, 10.] Plaintiff claims that the "Correctional Healthcare Management Department is liable for deliberate indifference to my serious medical needs . . . [t]he x-ray report by the Doctor I seen [sic] related [sic] information that I had degenerative arthritis and the Correctional Healthcare Management Department refuses to ensure that I receive proper medical treatment from staff." [*Id.* at 6.] Plaintiff demands "monetary damages . . . for inadequate medical treatment I have received from staff." [*Id.* at 14.]

The Defendant Correctional Healthcare Management, Inc. ("CHM") responds claiming that Plaintiff's sole claim against CHM is that it "is liable for its employees' alleged failure to provide proper medical treatment." [Motion at 3.] CHM argues it cannot be held vicariously liable under § 1983 for the action or inaction of its employees. [*Id.*] CHM contends that Plaintiff "has improperly attempted to impute the actions of one or more healthcare professionals at the Jail to their employer, CHM." [*Id.*]

---

frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

In response, Plaintiff cites the Supreme Court dissent in *Rizzo v. Goode*, 423 U.S. 362 (1976) for the proposition that "[e]ven though an official is not directly involved in alleged unconstitutional acts, the official may be held liable for failure to supervise and control his subordinates upon a showing that the official either encouraged the specific incident of misconduct or in some other way participated in it." [Response at 1.]  Plaintiff then repeats his allegations that "Nurse Montana [sic] exhibited Deliberate Indifference to my pain and suffering [at the time of the fall]. At her mercy I experienced cruel and unusual punishment." [*Id.* at ¶ 7.]  Plaintiff concludes that he has "set forth facts that will show Defendants have acted in a sufficiently and deliberate indifferent and reckless manner to an existing condition [ ][sic] a spinal injury that was harmful to the Plaintiff." [*Id.* at 2.]

## DISCUSSION

Defendant CHM's Motion to Dismiss is filed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a constitutional claim.  For purposes of this Motion, and because there has been no dispute on the issue, the Court will assume that CHM was acting under color of state law pursuant to 42 U.S.C. § 1983 ("Section 1983") during the time of the incident alleged.

**I.      Standard of Review**

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all of the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197 (2007); *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1968-69 (2007).  Courts should look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief-- that is -- a complaint must include "enough facts to state a claim for relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007).  The complaint must sufficiently allege facts supporting all of the elements necessary to establish an entitlement to relief under the legal theory proposed.

*Lane v. Simon*, 2007 WL 2136579, *3 (10th Cir. July 26, 2007). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

The allegations in Plaintiff's complaint "must be taken as true to the extent they are uncontroverted by [Defendants'] affidavits." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir.1995). In addition, only well-pled facts, as opposed to mere conclusory allegations, must be accepted as true. *Id.* Because Plaintiff is proceeding *pro se,* I must construe his complaint liberally, holding it to less stringent standards than a formal pleading drafted by an attorney. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972).

**II.     Analysis**

Plaintiff was a pretrial detainee at the time of the incident. Amended Complaint at 11. In his Complaint, Plaintiff alleges only violations of the Eighth Amendment's proscription against cruel and unusual punishment. *Id.* at 5. Construing his *pro se* pleadings liberally, *Haines*, 404 U.S. at 520, I consider Plaintiff's claims to be raised pursuant to the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *See Berry v. City of Muskogee*, 900 F.2d 1489, 1493 (10th Cir. 1990) (pretrial detainees are protected under the Fourteenth Amendment's Due Process Clause rather than under the Eighth Amendment's proscription against cruel and unusual punishment). Under the due process clause, detainees are entitled to the same degree of protection regarding medical treatment as that afforded convicted inmates under the Eighth Amendment. *Barrie v. Grand County, Utah,* 119 F.3d 862, 867 (10th Cir. 1997). The same analysis applies to both types of claims. *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). However, liability under the Constitution may not be based on negligence or even gross negligence. *Barrie*, 119 F.3d at 869.

Plaintiff alleges that "[t]he x-ray report by the Doctor I seen [sic] related [sic] information that I had degenerative arthritis and the Correctional Healthcare Management Department refuses to ensure that I receive proper medical treatment from staff." Complaint at 6. This conclusory allegation against CHM is not sufficient to state a constitutional violation. *See Wise v. Bravo,* 666 F.2d 1328, 1333 (10th Cir. 1981) ("Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice"). In his Response to the Motion to Dismiss, however, Plaintiff proposes that an "official" may be "held liable for failure to supervise and control and train his/her subordinates," then explains the chronology of events that took place after his slip and fall at which "Nurse Montana deliberately put Plaintiff through Cruel and Unusual Punishment." Response at 1.

CHM is correct that Section 1983 does not provide for liability under the theory of *respondeat superior. See Worrell v. Henry,* 219 F.3d 1197, 1214 (10th Cir. 2000). Instead, to establish supervisory liability, Plaintiff must demonstrate that "an affirmative link exists between the [constitutional] deprivation and either the supervisor's personal participation, [ ] exercise of control, or [ ] failure to supervise." *Meade v. Grubbs,* 841 F.2d 1512, 1527 (10th Cir. 1988). In addition, a supervisor or municipality may be held liable where there is essentially a complete failure to train, or training that is so reckless or grossly negligent that future misconduct is almost inevitable. *Id.* at 1528. Here, there are no specific allegations of any failure to train on the part of Defendant CHM. Moreover, Plaintiff has made no factual allegations to establish CHM's individual involvement in the incident, much less link the involvement to his alleged deprivation.

Nevertheless, municipalities such as CHM can be sued for monetary, declaratory, or injunctive relief for deprivations of constitutional or civil rights under Section 1983. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 (1978). However, municipal liability is limited to deprivations of federally protected rights caused by actions taken pursuant to official municipal policy or custom, and "attaches

only where the decisionmaker possesses final authority to establish municipal policy with respect to the action taken." *Pembauer v. City of Cincinnati,* 475 U.S. 469, 481 (1986); *Monell,* 436 U.S. at 691; *Bd. of County Comm'rs v. Brown,* 520 U.S. 397, 403 (1997).

In order to hold a municipality liable for an employee's constitutional violations, Plaintiff must show that both a constitutional violation occurred and that a municipal policy or custom was the "moving force" or cause behind the violation. *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1320 (10th Cir. 1998). An unconstitutional deprivation is caused by a municipal "policy" if it results from decisions of an official whose acts may fairly be said to be those of the municipality itself. *Marshall v. Columbia Lea Reg'l Hosp.,* 345 F.3d 1157, 1177 (10th Cir.2003) (citing *Brown,* 520 U.S. at 403-04). Courts have interpreted "custom" to mean an act that, although not formally approved by an appropriate decisionmaker, has such widespread practice as to have the force of law. *Id.*

As stated above, Plaintiff's conclusory allegations regarding CHM do not rise to the level of a constitutional violation. Moreover, Plaintiff has wholly failed to identify a custom or policy of CHM's that was the "moving force" behind the medical treatment he received at the time of his fall. Finally, Plaintiff may not impute the actions of one or more healthcare professionals at the facility to CHM. Based on the foregoing, I recommend that Plaintiff's claims against Defendant CHM be dismissed.

## CONCLUSION

Accordingly, it is hereby **recommended** that Defendant CHM's Motion to Dismiss [filed August 16, 2007; doc #49] be **granted**, resulting in the dismissal, with prejudice, of this action against Defendant Correctional Healthcare Management, Inc.[3]

---

[3] As stated above, a Motion to Dismiss filed by Defendants Board of County Commissioners, El Paso County Sheriff's Office, Sheriff Maketa, Deputy Cox, and Deputy Hunts remains pending

Dated at Denver, Colorado, this 12th day of October, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

at this time. In addition, Plaintiff's claims against Defendants Judy Fender and Nurse M. Montoya remain pending.