IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   07-CV-00106-WDM-MEH

JOHN THOMAS McNALLY,

    Plaintiff,

v.

EL PASO COUNTY SHERIFF'S OFFICE,
SHERIFF TERRY MAKETA,
DEPUTY HUNTS,
DEPUTY COX,
CORRECTIONAL HEALTHCARE MANAGEMENT, INC.,
JUDY FENDER,
NURSE M. MONTOYA, and
EL PASO COUNTY BOARD OF COMMISSIONERS,

    Defendants.

## ORDER ON RECOMMENDATIONS OF MAGISTRATE JUDGE

Miller, J.

This case is before me on the two recommendations from Magistrate Judge Michael E. Hegarty.  The first (Docket No. 76) recommends that a Motion to Dismiss filed by Defendants El Paso County Sheriff's Office, Sheriff Terry Maketa, Deputy Hunts, Deputy Cox, and El Paso County Board of Commissioners (collectively County Defendants) (Docket No. 45) be granted.  The second recommendation (Docket No. 77) recommends that a Motion to Dismiss filed by Defendant Correctional Healthcare

Management, Inc.[1] (CHM) (Docket No. 49) be granted.  Plaintiff did not file an objection to the recommendation and, therefore, is not entitled to *de novo* review.[2]  28 U.S.C. § 636(b).  For the reasons set forth below, I accept Magistrate Judge Hegarty's recommendations.

I have reviewed the pertinent portions of the record in this case, including the complaint, the motions to dismiss, Plaintiff's responses, Defendant CHM's reply, and the recommendations.  In his amended complaint, Plaintiff alleges that, while incarcerated awaiting trial, he "slipped and fell in a puddle of water that leaked from the ceiling" in a ward of the El Paso County Criminal Justice Center.  (Amended Compl. at 5.)  He further alleges that he suffered "extreme pain" as a result of the fall and that he was "denied proper medical treatment" for his injury.  *Id.*  Plaintiff asserts that the County Defendants subjected him to cruel and unusual punishment in violation of his

---

[1] CHM is incorrectly identified in the prisoner complaint as Correctional Healthcare Department.

[2] On October 30, 2007, eighteen days after the recommendations were filed by Magistrate Judge Hegarty, Plaintiff filed a Motion for Enlargement of Time Pursuant to Crim.P. 45(b) (Docket No. 79) requesting additional time "regarding the motion to dismiss Plaintiff's claim against El Paso County Sheriff's Office, Et. Al., and Correctional Healthcare Management, Et Al."  (Pl.'s Mtn for Extension of Time at 1.) Specifically, Plaintiff requested an "additional 30 days in which to properly try and answer the Motion to Dismiss."  *Id.* at 2.  Magistrate Judge Hegarty denied the motion (Docket No. 82) stating that Plaintiff had already responded to the motions to dismiss on September 28, 2007 (Docket Nos. 72, 73).  Magistrate Judge Hegarty also considered whether Plaintiff's motion was actually requesting an extension of time in which to file objections to the recommendations.  He found, however, that Plaintiff's motion made no reference to either objections or the recommendations and that the motion was beyond the objection deadline and did not make reference to the fact that the request was late.  Therefore, Magistrate Judge Hegarty denied the motion.

Eighth Amendment[3] rights by failing to remove the dangerous condition (the puddle). *Id.* at 4. Plaintiff further alleges that CHM, Judy Fender, and Nurse Montoya violated his Eighth Amendment rights by denying him proper medical treatment. *Id.* at 5 (specifically alleging that "[t]he x-ray report by the Doctor I seen [sic] related [sic] information that I had degenerative arthritis and [CHM] refuses to ensure that I receive proper medical treatment from its staff").

With respect to the claims against the County Defendants, Magistrate Judge Hegarty determined that Plaintiff's complaint against each of the County Defendants should be dismissed. Because Plaintiff did not specify in what capacity he was suing the County Defendants, Magistrate Judge Hegarty analyzed the claims against each County Defendant as both a claim in their official capacity and individual capacity. He determined that the claims against the El Paso County Board of Commissioners and the El Paso County Sheriff's Office as individuals should be dismissed because Plaintiff did not allege any facts demonstrating a failure to train or any individual involvement by the County Commissioners or the Sheriff's Office. He further concluded that the claims against these defendants in their official capacities should be dismissed because Plaintiff failed to identify a constitutional violation or link the alleged violations to an official policy or practice. With respect to the claims against Sheriff Maketa in his

---

[3] Although Plaintiff makes his claims under the Eighth Amendment, his claims must be raised under the Fourteenth Amendment because he is a pretrial detainee. *See Berry v. City of Muskogee*, 900 F.2d 1489, 1493 (10th Cir. 1990); *Frohmader v. Wayne*, 958 F.2d 1024, 1028 (10th Cir. 1992). The analysis under either amendment, however, is the same. *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). Construing Plaintiff's complaint liberally, Magistrate Judge Hegarty considered Plaintiff's claims to be raised under the Fourteenth Amendment.

individual capacity, Magistrate Judge Hegarty determined that the claims should be dismissed because Plaintiff has failed to allege any facts demonstrating that Sheriff Maketa knew of the allegedly dangerous condition and disregarded the risk of the condition or that he personally participated in causing the dangerous condition. Magistrate Judge Hegarty determined that the claims against Sheriff Maketa in his official capacity should be dismissed because they are treated as claims against the entity, or El Paso Sheriff's Department, and should be dismissed for the same failures as those against El Paso Sheriff's Department.  Furthermore, Magistrate Judge Hegarty determined that Plaintiff failed to allege any facts tending to show that Sheriff Maketa had a custom or pattern of ignoring the health and safety of the inmates at the El Paso County jail.  Magistrate Judge Hegarty determined that the claims against Deputies Hunts and Cox should be dismissed because an Eighth Amendment claim under section 1983 cannot rest on mere negligence and that is all that Plaintiff alleged in his complaint.  Finally, he determined that Plaintiff's state law tort claims, if any are construed under the complaint, must be dismissed for failure to comply with the notice provision of the Colorado Governmental Immunity Act, Colo. Rev. Stat. § 24-10109 (2007).

With respect to the claims against CHM, Magistrate Judge Hegarty determined that Plaintiff's complaint should be dismissed because "the conclusory allegations regarding CHM do not rise to the level of a constitutional violation."  (Recommendation on CHM at 6.)  In particular, Magistrate Judge Hegarty found that Plaintiff failed to identify a custom or policy of CHM's that was the moving force behind the alleged

inadequate medical treatment that he received as required to sustain a claim against a municipality for an employee's constitutional violations. Furthermore, Magistrate Judge Hegarty determined that Plaintiff may not impute the actions of CHM's employees to CHM under the section 1983.

I have reviewed the legal authorities relied on by Magistrate Judge Hegarty for both recommendations and discern no error. I do note, however, that with respect to Plaintiff's allegation that Sheriff Maketa failed to train or supervise subordinates at the jail, the Supreme Court has held that such a claim "may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the [subordinates] come in contact." *City of Canton v. Harris*, 489 U.S. 378, 388–89 (1989) (addressing a claim in the context of police training). This rule is consistent with the "moving force" doctrine established in *Monell*, 436 U.S. at 694, because only when there is deliberate indifference is the failure to train or supervise a "'policy or custom' that is actionable under § 1983." *Id.* Under this standard, as under the standard relied upon by Magistrate Judge Hegarty, Plaintiff has failed to allege facts supporting such a claim. As discussed in Magistrate Judge Hegarty's Recommendation, Plaintiff has not demonstrated deliberate indifference on the part of Sheriff Maketa.

Accordingly, it is ordered:

1. The recommendations of Magistrate Judge Michael E. Hegarty (Docket Nos. 76, 77) are accepted.

2. County Defendants' Motion to Dismiss (Docket No. 45) is granted.

3.	Defendant Correctional Healthcare Management Inc.'s Motion to Dismiss (Docket No. 49) is granted.

4.	Plaintiff's complaint is dismissed with prejudice with respect to Defendants Correctional Healthcare Management, Inc.; El Paso County Sheriff's Office; Sheriff Terry Maketa; Deputy Hunts; Deputy Cox; and the Board of County Commissioners.  Plaintiff's claim remains pending as to Judy Fender and Nurse M. Montoya.

5.	Defendants may have their costs.


DATED at Denver, Colorado, on November 9, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge