IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00106-WDM-MEH

JOHN THOMAS McNALLY,

    Plaintiff,

v.

JUDY FENDER, Healthcare Administrator, and
NURSE M. MONTOYA,

    Defendants.

---

**RECOMMENDATION FOR DISMISSAL FOR FAILURE TO PROSECUTE**

---

**Michael E. Hegarty, United States Magistrate Judge**.

This matter comes before the Court *sua sponte* based on Plaintiff's failure to respond to the Order to Show Cause issued on March 10, 2008, concerning Plaintiff's failure to prosecute this case and for Plaintiff's failure to comply with this Court's April 10, 2008 order. This case has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b) to conduct civil proceedings and to make recommendations on dispositive matters. As set forth below, the Court recommends that this case be **dismissed** for failure to prosecute.

**I.    Background**

This lawsuit was filed on January 5, 2007, with the Plaintiff proceeding *in forma pauperis*. Doc. #1. Following some delays in effecting service of process, Defendant Fender filed an Answer to the Complaint [doc. #48] and the remaining Defendants who had been served filed Motions to Dismiss the action [docs. #45 and #49]. On November 9, 2007, the District Court adopted this Court's recommendations to grant the Motions to Dismiss and dismissed the Complaint with prejudice against all Defendants except Defendant Fender (who had been served) and Defendant Montoya (who had not been served). *See* doc. #86.

Pursuant to the standard operating procedure of this Court, on August 20, 2007, this matter was set for a Final Pretrial Conference to be held on February 11, 2008. Doc. #51. Thereafter, the conference was reset to occur on February 14, 2008. Doc. #87. Notices of these conferences were mailed to the Post Office Box address that the Plaintiff has maintained on file with the office of the Clerk of this Court.

On February 12, 2008, this Court issued to the Plaintiff an Order to Show Cause for Avoiding Dismissal for his failure to make the required monthly fee payments for November 2007, December 2007 and January 2008, or to show cause why he could not make the payments pursuant to 28 U.S.C. § 1915(b)(2). Doc. #90. Plaintiff did not respond to this Order. In addition, Plaintiff failed to appear at the Final Pretrial Conference on February 14, 2008. Doc. #91 At the conference, Defendants' counsel stated that she was unable to contact Plaintiff prior to the conference and that Plaintiff provided no input into the Proposed Pretrial Order. *Id.* Defendants' counsel represented that she believed Plaintiff had been transferred to another facility. *Id.* Thus, the Court rescheduled the conference to March 10, 2008.

Meanwhile, on February 21, 2008, the District Court referred Defendants' Motion for Summary Judgment [filed October 10, 2007; doc #74] to this Court for recommendation on disposition. Doc. #94. Because he had not done so, this Court ordered that Plaintiff respond to the motion on or before March 14, 2008. Doc. #95. Plaintiff did not respond.

At the March 10, 2008 pretrial conference, Plaintiff again failed to appear. Doc. #99. Defendants' counsel stated that she spoke directly with the Plaintiff after the February 14, 2008 conference, advised him of the new date, and provided him a copy of the proposed order for his input; however, counsel never received any input from Plaintiff. Again, this Court rescheduled the conference to April 10, 2008 and ordered Plaintiff to appear by telephone with his case manager. At the same time, this Court issued to Plaintiff an Order to Show Cause in writing no later than

March 31, 2008 why the Court should not dismiss the action for Plaintiff's failure to prosecute. Doc. #100. Plaintiff did not respond.

While Plaintiff did not provide input into the proposed Pretrial Order filed on April 3, 2008, he did appear for the April 10, 2008 final pretrial conference. At the conference, the Court granted an additional extension of time to April 21, 2008, within which Plaintiff was required to file a response to Defendant's October 10, 2007 Motion for Summary Judgment. Plaintiff filed no response.

**II.     Discussion**

Although Plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence. The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Rule 16(f) enables the court to impose sanctions, including dismissal, when a party fails to appear at a scheduling or pretrial conference. *See id*. Rule 37(b)(2) permits the court to dismiss the action where a party fails to obey an order to provide or permit discovery. *See id*. Rule 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id*. Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). A court also has an "inherent power" to "levy sanctions in response to abusive litigation practices." *See Jones*, 996 F.2d at 264 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980)); *Turnbull v. Wilcken*, 893 F.2d 256, 258-59 (10th Cir. 1990).

Plaintiff has failed to prosecute this case with due diligence, or to show cause as to why he cannot, as directed by the Order to Show Cause. Additionally, Plaintiff failed to respond to the

Defendant's October 10, 2007 Motion for Summary Judgment, even after two extensive extensions of time within which to do so. Further, he has failed to demonstrate cause for his failure to participate in the preparation of a Proposed Pretrial Order, and for his failure to make the required monthly fee payments since November 2007. Moreover, Plaintiff has failed to serve Defendant Montoya since the inception of this case in January 2007. In short, it appears that Plaintiff has lost interest in and has abandoned this case. Therefore, dismissal of this action against Defendants is warranted, and this Court so recommends.

**III.   Conclusion**

Based on the foregoing, and the entire record herein, the Court RECOMMENDS that all of Plaintiff's claims in this action made against all remaining Defendants be **dismissed** for failure to prosecute. In addition, the Court RECOMMENDS that Defendants' Motion for Summary Judgment [filed October 10, 2007; doc #74] be **denied as moot**. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado, this 24th day of April, 2008.

                                  BY THE COURT:

                                  s/Michael E. Hegarty
                                  United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).