IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 07-CV-00106-WDM-MEH

JOHN THOMAS McNALLY,

    Plaintiff,

v.

JUDY FENDER and
NURSE M. MONTOYA,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

    This case is before me on a recommendation from Magistrate Judge Michael E. Hegarty that the complaint be dismissed for failure to prosecute (Docket No. 103). Plaintiff did not file an objection to the recommendation and, therefore, is not entitled to *de novo* review. 28 U.S.C. § 636(b). For the reasons set forth below, I accept Magistrate Judge Hegarty's recommendation.

    I have reviewed the pertinent portions of the record in this case, including the complaint, docket report, orders to show cause, and recommendation. In his amended complaint, Plaintiff alleges that, while incarcerated awaiting trial, he "slipped and fell in a puddle of water that leaked from the ceiling" in a ward of the El Paso County Criminal Justice Center. (Am. Compl. at 5.) He further alleges that he suffered "extreme pain" as a result of the fall and that he was "denied proper medical

treatment" for his injury.  *Id.*  Plaintiff alleges that Judy Fender, the healthcare administrator, and Nurse Montoya[1] violated his Eighth Amendment rights by denying him proper medical treatment and acting with deliberate indifference to his serious medical needs.[2]  *Id.*   Plaintiff was granted leave to proceed pursuant to 28 U.S.C. § 1915 at the inception of this case.  (*See* Docket No. 2.)

Pursuant to standard procedures, Magistrate Judge Hegarty set this case for a Final Pretrial Conference on February 14, 2008 (Docket Nos. 51, 87).  Notice was mailed to the post office box address that Plaintiff provided to the Clerk of Court.  On February 12, 2008, Magistrate Judge Hegarty issued a show cause order for Plaintiff's failure to make the required monthly payments pursuant to 28 U.S.C. § 1915(b)(2) for November 2007, December 2007, and January 2008 (Docket No. 90). Plaintiff did not respond.  Plaintiff also failed to appear at the February 14, 2008 Final Pretrial Conference.  (*See* February 14, 2008 Minutes, Docket No. 91.)  Defense counsel indicated that she had been unable to contact Plaintiff prior to the conference and, therefore, Plaintiff had not contributed to the Proposed Pretrial Order.  *Id.*  She also indicated that she believed that Plaintiff had been transferred to another facility. *Id.*  Magistrate Judge Hegarty reset the Final Pretrial Conference for March 10, 2008 and ordered that Plaintiff and his case manager or a representative of the facility participate by telephone.  *Id.*  Defense counsel was directed to inform Plaintiff of the

---

[1]  Nurse Montoya has still not been served.

[2]  Plaintiff originally brought claims against a number of other defendants. However, the other defendants were dismissed by my Order dated November 9, 2007 (Docket No. 86).

new date and to remind him to file a change of address form with the Court.  *Id.*

Thereafter, I referred Defendants' motion for summary judgment (Docket No. 74) to Magistrate Judge Hegarty.  As Plaintiff had not responded to the motion, Magistrate Judge Hegarty ordered him to do so (Docket No. 95).  Plaintiff has not responded. Plaintiff again failed to appear at the March 10, 2008 Final Pretrial Conference.  (*See* March 10, 2008 Minutes, Docket No. 99.)  Defense counsel indicated that she had personally spoken with Plaintiff prior to the conference and advised him of the new date.  *Id.*  Magistrate Judge Hegarty reset the Final Pretrial Conference for April 10, 2008 and again ordered Plaintiff to participate with his case manager by telephone.  *Id.*  That same day, Magistrate Judge Hegarty issued an order to show cause by March 31, 2008 why the case should not be dismissed for failure to prosecute (Docket No. 100).  Plaintiff did not respond.

Plaintiff did appear for the April 10, 2008 Final Pretrial Conference.  At the conference, Magistrate Judge Hegarty granted Plaintiff an additional extension of time in which to file a response to Defendants' motion for summary judgment up to and including April 21, 2008.  Plaintiff did not file a response.  It is unclear from the minutes whether Plaintiff's response to the order to show cause for failure to prosecute (Docket No. 100) or order to show cause for Plaintiff's failure to make payments as required under 28 U.S.C. § 1915(b)(2) (Docket No. 90) were discussed at this hearing.

Based on Plaintiff's inaction, Magistrate Judge Hegarty issued a recommendation on April 24, 2008 that the case be dismissed for failure to prosecute

(Docket No. 103).  Magistrate Judge Hegarty concluded that Plaintiff "has failed to prosecute this case with due diligence, or to show cause as to why he cannot, as directed by the Order to Show Cause."  He determined that Plaintiff failed to comply with an order of the court by failing to respond to Defendant's motion for summary judgment.  He also determined that Plaintiff failed to demonstrate cause for his failure to participate in the Proposed Pretrial Order and for his failure to make the payments required under 28 U.S.C. § 1915(b0(2) since November 2007.  Finally, Magistrate Judge Hegarty noted that Plaintiff has failed to serve Defendant Nurse M. Montoya since the inception of the lawsuit in January 2007.  Plaintiff did not object to this recommendation.

I have reviewed the legal authorities relied on by Magistrate Judge Hegarty and discern no error.  A district court may dismiss a case for failure to comply with [local rules], the Federal Rules of Civil Procedure, or any court order." D.C.COLO.LCivR 41.1; *see also* Fed. R. Civ. P. 41(b).  However, "dismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of the justice.'" *Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Before choosing dismissal as a sanction, a court must consider: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921

(10th Cir. 1992).

In this case, Defendants have been prejudiced by Plaintiff's failures: (1) the Final Pretrial Conference has been postponed twice; (2) one remaining defendant, Judy Fender, had to complete the Proposed Pretrial Order without any input from Plaintiff; and (3) the other remaining Defendant, Nurse M. Montoya, has not been served almost seventeen months after the suit was initiated.  The judicial process has also been interfered with as the motion for summary judgment has not been addressed, fees have not been paid, and the Final Pretrial Conference has twice been postponed.  These issues appear to be entirely the fault of Plaintiff and Plaintiff has not offered any explanation for his inaction and failure to comply with the court's orders.  Magistrate Judge Hegarty warned Plaintiff of the risk of dismissal in the order to show cause as to Plaintiff's failure to prosecute (Docket No. 100), the most recent order to show cause regarding Plaintiff's failure to comply with his payment responsibilities pursuant to 28 U.S.C. § 1915(b)(2) (Docket No. 90), and in a previous order regarding payment pursuant to 28 U.S.C. § 1915(b)(2) (Docket No. 59). Therefore, although it is unclear if Plaintiff was again warned during the April 10, 2008 Final Pretrial Conference of the risk of dismissal, I conclude that Plaintiff has had ample warning of the risk.  Finally, I do not think that a lesser sanction would be appropriate here.  Plaintiff has demonstrated disregard for the Court's orders and procedures since the inception of the lawsuit, has been warned numerous times about dismissal, and failed to comply with the court's orders and procedures even though he has been given ample opportunity and time to do so.   Therefore, I

conclude that dismissal with prejudice is appropriate in this case.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Michael E. Hegarty (Docket No. 103) is accepted.

2. This case is dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) against the remaining defendants, Jude Fender and Nurse M. Montoya.

DATED at Denver, Colorado, on July 3, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge